UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Antwan Darc-el Thomas, | Case No. 22-cv-698 (ECT/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Ramsey County Sheriffs; St. Paul Police Officers; Great Britain; and Sgt. Brent Wittner, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (hereinafter IFP Application"). [Docket No. 5].

Plaintiff Antwan Darc-el Thomas alleges that he was assaulted and urinated upon by officers of the St. Paul Police Department and the Ramsey County Sheriff's Office during an altercation at the Ramsey County Adult Detention Center. (See, Amended Compl. [Docket No. 19]). Plaintiff also alleges that he is entitled to an inheritance that is being withheld by the government of Great Britain. (Id.). In this action, Plaintiff requests that monetary damages be awarded based on these claims. (Id.).[1]

---

[1] Plaintiff also presents a series of related and unrelated factual allegations in exhibits and letters to the Court filed throughout the pendency of this action. Plaintiff's Amended Complaint, [Docket No. 19], is, however, the operative pleading in this matter, and the Court will not discuss allegations made outside of that pleading. That said, the allegations in these other documents do not affect this Court's conclusion that this matter should be dismissed or this Court's reasoning why this matter should be dismissed.

Plaintiff was a prisoner when he commenced this action,[2] and as such, this lawsuit is subject to 28 U.S.C. § 1915A. Under that provision, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor. See, Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints

---

[2] Plaintiff was at that time detained at the Ramsey County Adult Detention Center awaiting prosecution on charges of fourth degree criminal sexual assault. See, State v. Thomas, No. 62-CR-21-7178 (Minn. Dist. Ct.). That prosecution remains pending. Since that time, however, Plaintiff has been made subject to civil detention and transferred to a facility for treatment of mental-health and chemical-dependency concerns. See, In re Matter of Civil Commitment of Thomas, No. 62-MH-PR-22-126 (Minn. Dist. Ct.). Along with his allegations regarding interference with his inheritance, Plaintiff also conclusorily alleges that Great Britain is responsible for the civil commitment. (See, Amended Compl. [Docket No. 19] at 4).

are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

As explained above, Plaintiff brings two seemingly unrelated sets of claims in this action: a claim against law-enforcement officials for violations of his constitutional rights pursuant to 42 U.S.C. § 1983, and a claim against Great Britain for allegedly interfering with Plaintiff's receipt of an inheritance.[3] Different problems prevent each of these claims from going forward.

With respect to the inheritance claim, Plaintiffs factual allegations regarding the actions of Great Britain are very cursory—so cursory, in fact, that it is not clear what inheritance Plaintiff believes himself to be entitled to or why Plaintiff believes that Great Britain has interfered in receiving that inheritance. Plaintiff does not specify the legal claim being brought against Great Britain, nor is there any obvious legal cause of action available to Plaintiff with respect to this claim. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," but Plaintiff's claim against Great Britain falls short of even this minimal standard.

Plaintiff's claims with respect to law-enforcement officials present a different problem. Here, Plaintiff has provided substantially more detailed factual allegations regarding what he believes to have occurred to him, and a legal potential cause of action—that of excessive force brought pursuant to § 1983—is also plainly implied by the pleading. (See, Amended Compl. [Docket No. 19] at 1) (stating that the action is brought for violation of civil rights under § 1983). Insofar as Plaintiff brings claims under § 1983 against the City of St. Paul or Ramsey County, however, he must establish that those entities themselves, as opposed to employees of those

---

[3] It is overwhelmingly doubtful that these claims are properly raised in a single action. See, Fed. R. Civ. P. 20(a)(2). Because the Court here recommends that this action be dismissed in its entity, the Court need not further discuss Plaintiff improper joinder of claims.

3

entities, violated his constitutional rights. See, e.g., Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). For example, a plaintiff may establish municipal liability under § 1983 by showing that the municipal defendant inadequately trained its employees (thereby leading to the constitutional violation), or that the municipal defendant maintained an official policy or unofficial custom that caused the constitutional injury. See, Khounedaleth v. City of Minneapolis, No. 20-cv-2325 (WMW/BRT), 2022 WL 204922, at *2 (D. Minn. Jan. 24, 2022). No such allegation is raised by Plaintiff with respect to the municipal Defendants, which appear to have been included in this action only because those Defendants employed the officers involved in the incident. It is well-established, however, that municipalities may not "be held liable for unconstitutional conduct under a theory of respondeat superior." Rogers v. King, 885 F.3d 1118, 1122 (8th Cir. 2018). Plaintiff's claims under § 1983 against the municipal Defendants therefore fail.

Plaintiff has also named one specific jail official—Defendant Brent Wittner—as responsible for the events at issue in this proceeding. The pleading, however, does not specify whether Wittner is being named in his personal capacity or in his official capacity as an agent of Ramsey County. The pleading must therefore be interpreted as raising only official-capacity claims against Wittner (or any of the other John Does named in the pleading that might be interpreted as defendants). See, Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims."). But by naming Wittner in his official capacity, Plaintiff has again presented a claim against Ramsey County, not a claim against Wittner personally. See, e.g., Johnson v. Boyd, 676 F. Supp. 2d 800, 812 (E.D. Ark. Dec. 15, 2009). And as explained above, the Plaintiff's Amended Complaint does not establish that Ramsey County itself may be found liable under § 1983 for violations of Plaintiff's constitutional rights.

For these reasons, it is recommended that this matter be dismissed without prejudice in its entirety pursuant to § 1915A(b). Because it is recommended that this matter be summarily dismissed pursuant to § 1915A, it is further recommended that Plaintiff's pending application to proceed in forma pauperis, [Docket No. 5], be denied as moot.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A; and

2. Plaintiff's application to proceed in forma pauperis, [Docket No. 5], be **DENIED as moot**.


Dated: July 20, 2022                                s/Leo I. Brisbois
                                                    Hon. Leo I. Brisbois
                                                    United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).